### SALOMON v. O'DONNELL.

LANDLORD AND TENANT—STATUTORY CONSTRUCTION.
Section 1976, Mills' An. Stats., which provides that a tenant from month to month is entitled to ten days' notice to quit to terminate the tenancy, has no application to an action to recover rent for premises occupied without a lease from month to month, or other definite period, brought after the premises had been voluntarily vacated by the tenant.

*Error to the County Court of Arapahoe County.*

Messrs. BAXTER & FILLIUS, for plaintiff in error.

No appearance for defendant in error.

REED, J., delivered the opinion of the court.

Suit was instituted by defendant in error, as plaintiff in the court below, against plaintiff in error, to recover rent for a certain residence occupied by plaintiff in error. The suit was instituted before a justice of the peace, an appeal taken to the county court, trial had to the court without a jury,

finding for the plaintiff (defendant in error), and judgment for $52. Defendant in error is not represented in this court.

Several supposed errors are assigned, but only one discussed in the brief, and that in a very few words. It is claimed that the court erred in awarding judgment, as there had been no evidence introduced showing that a notice had been served upon the defendant to quit the premises. It was claimed to have been a leasing from month to month, and counsel in argument cite and rely upon section 1976, Mills' An. Stats., claiming that under such section the party was entitled to ten days' notice to terminate the tenancy. It appears from the evidence that the title to the property was in controversy, and being adjudicated, and the circumstances being such that neither party felt at liberty to enter into any contract in regard to it for any definite time. Mr. Baxter, who acted as counsel on behalf of the plaintiff in error in the transaction with the defendant in error, was sworn as a witness, and put in evidence the following letter :

" H. Z. SALOMON, ESQ., City :

" Your lease of the premises on Curtis street, now occupied by you as my tenant, will expire on the 6th of June, instant. Please let me know promptly whether you desire to continue in possession of the same or not, for, if you do not, I shall let them to other parties. If you do, my partner, Judge Decker, will arrange with you in relation to their further occupancy, as I shall be out of the city.

" Yours, etc.,

" T. J. O'DONNELL."

and also testified as follows : " By virtue of this letter I saw Judge Decker, and asked him if we could continue to pay rent under this stipulation. Think I had a check for $50 in my hand. Decker wanted to know how long we wished to stay. Told him did not know. The matter in court might be determined any time, and could not take it for any term. Decker said : ' If you can't take it for any term, Mr. O'Donnell wants more rent.' Said wanted $65 a month.

On June 6th came back with check for $65, and Judge Decker signed this receipt on back of stipulation for leasing from month to month. July 6th went to Judge Decker, and found Mr. O'Donnell talking to him. Mr. O'Donnell said: 'You can't occupy those premises any longer under that stipmation. If you will say you are my tenant, you can occupy the premises.' Told him Mr. Salomon could not afford to do that while he is fighting this suit with the bank, and that we would get out. Mr. O'Donnell said: 'How soon can you get out?' Told him as soon as Mr. Salomon could find a place, and Mr. Salomon got out about the 15th."

By this testimony on behalf of the plaintiff in error it can readily be seen that there was no contract of tenancy from month to month, or for any definite period; and that both parties declined to enter into any such contract. It also appears that plaintiff in error voluntarily left the premises, and returned the key to the defendant in error. This being the fact, the section of the statute relied upon has no application. The only question to be determined by the court was the amount of the rent due for occupation of the premises until the possession was abandoned and the key returned. No question is raised in regard to the correctness of the amount found due by the court. The judgment will be affirmed.

*Affirmed.*